In the MATTER OF: Brian J. LUTZ, Respondent

Supreme Court Case No. 49S00–1704–DI–184

Supreme Court of Indiana.

FILED October 11, 2017

Published Order Suspending Respondent from the Practice of Law Due to Disability

Loretta H. Rush, Chief Justice of Indiana

After the Disciplinary Commission initiated proceedings against Respondent under Indiana Admission and Discipline Rule 23(19), we appointed a hearing officer to hold a hearing and make findings and a recommendation to the Commission. This matter has returned to us following a hearing in which Respondent freely and voluntarily consented to a suspension of his license to practice law due to disability and the issuance of findings by the hearing officer and by the Commission. On July 26, 2017, the Commission filed an "Amended Petition for Disability Suspension and Request for Immediate Emergency Suspension." On July 28, 2017, we issued an order granting the Commission's request for emergency interim suspension, effective immediately. On August 28, 2017, Respondent filed an affidavit of compliance with the duties of a suspended attorney under Admission and Discipline Rule 23(26) and a request for an extension of time in which to close his attorney trust account.

Being duly advised, the Court GRANTS the Commission's petition for a disability suspension and ORDERS that Respondent be suspended from the practice of law in this state, effective immediately, due to disability, pursuant to Admission and Discipline Rule 23(19). Respondent shall fulfill the continuing duties of a suspended attorney under Admission and Discipline Rule 23(26) and may petition for reinstatement upon termination of the disability pursuant to Admission and Discipline Rule 23(18).

Additionally, the Court GRANTS Respondent's request for an extension of time, to and including November 15, 2017, in which to close his attorney trust account. Respondent shall file with the Clerk an updated affidavit of his compliance with Admission and Discipline Rule 23(26) following the closure of that account.

Finally, the Commission's Amended Petition includes a suggestion, made pursuant to Admission and Discipline Rule 23(19)(c), that this Court appoint Respondent's father as Respondent's attorney surrogate. Upon consideration, the Court declines to make this appointment. However, the Court encourages either party or any other interested person (including Respondent's father) to file if appropriate, in a court of general jurisdiction in the county in which Respondent maintains or has maintained his principal office, a verified petition seeking the appointment of an attorney surrogate pursuant to Admission and Discipline Rule 23(27).

The hearing officer appointed in this case is discharged. The Court declines to assess costs against Respondent.

All Justices concur.